Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 3615 | **DATE** | April 8, 2004 |
| **CASE TITLE** | Nelson Ivan Velez-Lotero   v   Deborah Achim, etc., et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Hearing
(5) ☐ Status hearing
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]

Memorandum opinion and order entered. Accordingly, petitioner's second amended petition for a writ of habeas corpus is granted and the case is remanded to the immigration court.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| X | Notices mailed by judge's staff. | APR 0 8 2004 | |
| | Notified counsel by telephone. | date docketed | 24 |
| | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | | |
| | courtroom deputy's initials | mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NELSON IVAN VELEZ-LOTERO,    )
                             )
           Petitioner,       )
                             )   No.   02 C 3615
      v.                     )
                             )   Judge Robert W. Gettleman
DEBORAH ACHIM, Interim Field Office Director, )
U.S. Immigration & Customs Enforcement,  )
MICHAEL GARCIA, Assistant Secretary of U.S.  )
Immigration & Customs Enforcement, JOHN  )
ASHCROFT, Attorney General of the United  )
States, and TOM RIDGE, Director of the  )
Department of Homeland Security,  )
                             )
           Respondents.      )

## MEMORANDUM OPINION AND ORDER

Petitioner Nelson Velez-Lotero has filed a second amended petition for habeas corpus relief seeking to enjoin respondents from deporting him to Columbia and to reopen his deportation hearing. For the reasons set forth below the petition is granted.

## FACTUAL AND PROCEDURAL HISTORY

On February 1, 1995, petitioner pled guilty to unlawful possession of a controlled substance with intent to deliver in violation of Illinois law and was sentenced to a 17 year term of imprisonment. On March 4, 1997, Immigration Judge Renetta Smith ordered that petitioner be deported to Columbia pursuant to § 241(a)(2)(A)(iii) of the Immigration and Nationality Act, because petitioner had committed an aggravated felony and had no other basis of relief.

At the time of his immigration hearing in 1997 petitioner was assumed not to be eligible for discretionary relief from deportation pursuant to 8 U.S.C. § 212(c) because that section had been repealed by the Illegal Immigrant Reform and Immigrant Responsibility Act of 1996

("IIRIRA") and replaced with a new section excluding from the class of persons eligible for § 212 relief anyone "convicted of an aggravated felony." 8 U.S.C. § 1229b(a)(3). In 2001, however, the U.S. Supreme Court determined that § 212(c) relief remains available for aliens whose convictions were obtained through plea agreements and who, notwithstanding those convictions, would have been eligible for § 212(c) relief at the time of their plea under the law then in effect. Immigration and Naturalization Service v. St. Cyr, 533 U.S. 289 314-26 (2001).

Relying on St. Cyr, on June 19, 2002, petitioner filed a motion to reopen with the immigration court on the basis of petitioner's eligibility for relief under § 212(c), and the Convention Against Torture. On July 11, 2002, the immigration court summarily denied petitioner's motion, holding that petitioner was facially ineligible for § 212(c) relief because he would not have been otherwise eligible under the law in effect at the time of his plea. The immigration court then stated, "[s]pecifically, the fact that the respondent served more than five years of incarceration for an aggravated felony offense renders him ineligible for a 212(c) waiver." After receiving a stay of deportation from this court to allow petitioner to exhaust his administrative remedies, petitioner appealed the denial of his motion to the Board of Immigration Appeals ("BIA"). On August 12, 2002, the BIA affirmed without opinion. Petitioner then sought review in the U.S. Court of Appeals for the Seventh Circuit, but on October 23, 2003, that court dismissed the petition for review for lack of jurisdiction pursuant to § 252(a)(2)(C), and Calcano-Martinez v. I.N.S., 533 U.S. 348 (2001). Petitioner then filed his second amended petition for habeas relief in this court, seeking to block his deportation and reopen his immigration hearing for a determination of eligibility for relief under § 212(c), and for review of

the immigration judge's finding that his claim under the U.N. Convention Against Torture was untimely.

## DISCUSSION

In his application for a writ of habeas corpus, plaintiff raises a pure question of law. He does not dispute any of the facts that establish deportability or the conclusion that he is deportable. Nor has he asserted any right to have an unfavorable exercise of discretion under § 212(c) reviewed in a judicial proceeding. Rather, he contests the immigration judge's and BIA's conclusion that, as a matter of statutory interpretation, he is not eligible for discretionary relief. This puts petitioner in precisely the same situation as was the petitioner in St. Cyr. The Supreme Court held in St. Cyr that habeas jurisdiction under 28 U.S.C. § 2241 was not repealed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") or the IIRIRA. St. Cyr, 533 U.S. at 314.

Despite St. Cyr's holding, respondent nonetheless argues that this court lacks jurisdiction over the habeas petition, citing 8 U.S.C. § 1252(g) which provides that:

> Except as provided in this section and notwithstanding any other provision of law, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the attorney general to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

In Reno v. American-Arab Anti-Discrimination Committee, 525 U.S. 471 (1999) ("AADC"), the Court held that §1252(g) blocks review in the district court of three particular kinds of administrative decisions. According to the Seventh Circuit, St. Cyr "does not disturb the holding of [AADC]," that § 1252(g) blocks review in the district court of decisions to "commence proceedings, adjudicate cases, or execute removal orders," and thus has held that

3

habeas relief under § 2241 is also unavailable to review those three discretionary decisions. Sharif v. Ashcroft, 280 F.3d 786, 787 (7th Cir. 2002). Reno and Sharif, according to respondent, demonstrate that the court lacks jurisdiction over petitioner's habeas petition.

The court disagrees. Petitioner is not challenging his deportation order or his deportability, and thus is not challenging the attorney general's decision to commence proceedings, adjudicate his case, or execute the removal order. Rather, as in St. Cyr, petitioner challenges the immigration judge's and BIA's decisions on a pure question of law: whether petitioner is statutorily eligible for consideration of § 212(c) relief. Accordingly, the court concludes that under St. Cyr, the court has jurisdiction over the petition.

As to the merits on that legal question, petitioner is also correct. Section 212(c) provided that relief would not be available "to an alien who has been convicted of one or more aggravated felonies and has served for such felony or felonies a term of imprisonment of at least five years." 8 U.S.C. § 212(c) (1994) (emphasis added). The language is clear and unambiguous. An alien was not entitled to § 212(c) relief if the alien had served a term of imprisonment of five years. Nothing in the language suggests that "has served" was intended to mean "has been sentenced to." Indeed, the BIA so held in In re: Ramirez-Somera, 20 I. & N. Dec. 564 at *566 (BIA 1992):

> The plain language of section 212(c) of the Act, as amended, now bars such relief to any alien who has been convicted of an aggravated felony of felonies and who "has served," not merely been sentenced to, a term of imprisonment of at least five years for his aggravated felony or felonies." (Emphasis added).

It is true, as the immigration judge found, that at the time of his motion to reopen based on St. Cyr, petitioner had served over five years of incarceration for an aggravated felony. But the date of the motion to reopen cannot be the operative date. Under Ramirez-Somera, the

4

operative date is the date of the initial deportation hearing, but even that is problematic. In <u>St. Cyr</u>, the court held that "§ 212(c) relief remains available for aliens . . . whose convictions were obtained through plea agreements and who, notwithstanding those convictions, would have been eligible for § 212 relief <u>at the time of their plea under the law then in effect</u>." St. Cyr, 533 U.S. at 326 (emphasis added). The reason the Court based eligibility on the time of the plea was obvious. "There can be little doubt that, as a general matter, alien defendants considering whether to enter into a plea agreement are acutely aware of the immigration consequences of their conviction." <u>Id</u>. at 322. "Prior to the AEDPA and IIRIRA, aliens like St. Cyr had a significant likelihood of receiving § 212(c) relief. Because respondent, and others like him, almost certainly relied on that likelihood in deciding whether to forego their right to a trial, the elimination of any possibility of § 212(c) relief by IIRIRA has an obvious and sever retroactive effect." <u>Id</u>. at 325.

At the time of his plea, petitioner had not served a term of imprisonment of five years for an aggravated felony. Under <u>St. Cyr</u>, therefore, he is eligible for § 212(c) relief, and the denial of his motion to reopen on eligibility grounds was improper. Accordingly, the petition for a writ of habeas corpus is granted and the case is remanded to the immigration court for consideration of petitioner's request for § 212(c) relief.

In addition, petitioner has argued that the regulation governing relief under the U.N. Convention Against Torture, 8 C.F.R. § 20818(b)(2), is invalid because it arbitrarily and capriciously allowed only a three month "window" to file for relief. Because neither the immigration judge nor the BIA addressed this issue in finding that petitioner's claim under the

5

Convention was untimely, the immigration judge should do so in the first instance upon remand. The immigration judge should also consider petitioner's request for bond under 8 U.S.C. § 1226.

## CONCLUSION

For the reasons set forth above, petitioner's second amended petition for a writ of habeas corpus is granted and the case is remanded to the immigration court.

**ENTER:** **April 8, 2004**

**Robert W. Gettleman**
**United States District Judge**